IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA A. WALKER | ) | 8:04CV270 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LOWE'S HOME CENTERS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## Introduction

This matter is before the court on the motion for summary judgment of defendant Lowe's Home Centers, Inc., Filing No. 28. Plaintiff brought this action alleging three claims for relief, all claims related to her employment with the defendant, Lowe's Home Centers Inc. The first claim for relief alleges discrimination on the basis of gender (sexual harassment and hostile environment) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The plaintiff's second claim for relief alleges retaliation in violation of Title VII, and, finally, defendant alleges a third claim under the Nebraska Fair Employment Practices Act. However, pursuant to the defendant's motion to dismiss, the plaintiff's third claim for relief was dismissed on October 19, 2004.

## Factual Background

The plaintiff is a female resident of Lincoln, Nebraska, and the defendant, Lowe's Home Center's Inc., is a foreign corporation incorporated under the laws of North Carolina doing business in the state of Nebraska. Filing No. 1. Plaintiff was hired by the defendant on or about December 28, 2001, with her most recent position being a commercial sales specialist. Filing No. 1. On or about August 2002, plaintiff complained that the assistant store manager trainee, Gary Eisenhauer, had offensive sexual contact with plaintiff. Filing

No. 1. The store manager, Shane Case, requested that coworker, Don Barham, and plaintiff write complaints in regard to the situation. Plaintiff alleged that approximately two days later, Eisenhauer rubbed plaintiff's back and squeezed her shoulders in front of coworkers. Complaints were then written by additional coworkers regarding the incident. Plaintiff states that the store manager advised her that Human Resource representative Rodney Lee would be in from North Carolina to further investigate the complaints. However, plaintiff alleges Rodney Lee never visited the store. In August 2002, plaintiff reports receiving an anonymous letter stating "we'll get you back." Plaintiff gave the letter to the assistant store manager, Bill Rhodes, and explained the situation to the store manager.

Prior to the incidents alleged by the plaintiff, in January 2002, plaintiff received a performance evaluation in which an objective clearly stated "refrain from inappropriate, abusive or contentious behavior." Ex. 9. Then in February of 2002, plaintiff received a written violation of company policies for a personal check returned based on insufficient funds, which is a class B violation of the defendant's policy. Ex. 11. Plaintiff received a second written violation of company policies in June of 2002, for wearing a pierced tongue ring while working. Exs. 12 and 13. Her coworkers likewise received written violations for wearing tongue rings. Two of the plaintiff's coworkers, Amy Wolf and Dawn Hydor, had also written complaints concerning the plaintiff's behavior at work. Exs. 14 and 15. On June 13, 2002, plaintiff was given a final notice for "abusive language and action on May 21, 2002." Exs. 16 and 17. Her final notice said that any further violations could result in termination. Ex. 17. After plaintiff was written up, she then filed a sexual harassment claim which she stated had occurred two weeks before the filing of her claim. Ex. 18.

Management disciplined the alleged perpetrator, even though the claim could not be substantiated. Two months later, plaintiff filed sexual harassment charges against another assistant store manager. Exs. 22 and 23. Again, management placed this employee on final notice, even though at least one of the claims could not be confirmed. Ex. 26. Based on this employee's final notice, he lost his opportunity for promotion for six months. Plaintiff admits that after management intervened, neither employee did anything of a sexual nature to her again.

On August 16, 2002, a coworker filed a complaint for inappropriate touching by the plaintiff. Ex. 31.[1] Plaintiff admitted to some of the touching allegations as set forth by her co-employees. Exs. 22 and 23. Plaintiff was not terminated at this time. However, on August 22, 2002, another coworker complained about plaintiff's behavior. Exs. 34 and 35. Accordingly, the store manager questioned plaintiff regarding the complaints received by coworkers. These complaints included comments plaintiff had made that were allegedly offensive and that she had slapped a coworker in a sexual manner. Then on August 28, 2002, plaintiff was rude to a customer. Exs. 37 and 39. On September 8, 2002, plaintiff was terminated for the customer complaint. Plaintiff alleges that other sales specialists had received similar complaints and plaintiff was the only employee terminated. Plaintiff filed an EEOC complaint. The EEOC found no evidence of discrimination.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court

---

[1] The evidence offered by defendant of the sexual actions taken by plaintiff towards co-employees at her previous employment, Filing No. 29, ¶¶ 28, 29, 30, and 31, are not particularly relevant in this case.

must view the "evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Furthermore, the court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id*. at 250.

If the nonmoving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the opposing party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256; *Krenik v. County of LaSueur*, 47 F.3d 953, 957 (8th Cir. 1995). Generally, a genuine issue of material fact exists when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 248.

In employment discrimination cases, however, summary judgment is not granted "unless the moving party has established a right to a judgment with such clarity as to leave no room for controversy, and unless the other party is not entitled to recover under any discernible circumstances." *Krolikowski v. Richman Gordman ½ Price Stores, Inc.,* 38 F. Supp.2d 797, 800 (D. Neb. 1999), *(citing Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980)).

The Eighth Circuit has held on numerous occasions that "summary judgment should seldom be granted in discrimination cases." *Bassett v. City of Minneapolis*, 211 F.3d 1097,

1099 (8th Cir. 2000) (citing numerous cases standing for the same proposition). One district court in the Eighth Circuit cautioned, "Summary judgment is appropriate in employment discrimination cases only in 'those rare instances where there is no dispute of fact and where there exists only one conclusion.'" *Hasbrouck v. Youth Servs. Int'l, Inc.*, 2002 WL 1974043, *4 (N.D. Iowa, Aug. 19, 2002) (citing *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir. 1991)). Summary judgment is proper when the plaintiff fails to demonstrate the existence of a factual dispute with regard to each essential element of her claim. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 762 (8th Cir. 1995) (citing *Weber v. Am. Express Co.*, 994 F.2d 513, 515-16 (8th Cir. 1993)).

## DISCUSSION

A. SEXUAL HARASSMENT/GENDER CLAIMS/HOSTILE WORK ENVIRONMENT

Defendant alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, as a result of being subjected to different standards of employment to that of her male counterpart. Plaintiff claims the different standard of employment to be at least in part motivated by her gender. Plaintiff claims the defendant has willfully discriminated against plaintiff on the basis of her sex "by treating her unequally, harassing her and subjecting her to a hostile work environment. As a result, defendant's willful discrimination and retaliation against plaintiff are in violation of plaintiff's legal rights including the rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended." Filing No. 1. Plaintiff further alleges that as a result of defendant's discrimination and retaliation, she is entitled to compensation and punitive damages. Filing No. 1. Plaintiff claims she has suffered and continues to suffer undue hardship, emotional distress, embarrassment, humiliation, inconvenience, loss of enjoyment of life, and damage to her personal and professional reputation.

Under Title VII of the Civil Rights Act of 1964, it is unlawful employment practice for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000E-2(a)(1). The Supreme Court established a three-step framework for analyzing discrimination in the workplace. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under the burden-shifting framework, the plaintiff in the present case must establish: (1) that she is a member of a protected class, (2) that she was meeting the employer's legitimate job expectations, (3) that she suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently. *Tolen v. Ashcroft,* 377 F.3d 879, 882 (8th Cir. 2004). The Eighth Circuit has stated that a plaintiff must establish a prima facie case of discrimination, which creates a presumption that the employer unlawfully discriminated against the employee. *Id.* The burden then shifts to the employer to show a nondiscriminatory reason for the adverse action and then to the plaintiff to show that the articulated reason is merely a pretext for discrimination.

Plaintiff claims she was a victim of sexual harassment. More specifically, in order to establish the prima facie case for sexual harassment the plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Kopp v. Samaritan Health System, Inc.,* 13 F.3d 264, 269 (8th Cir. 1993).

In regards to plaintiff's claim of sexual harassment on the basis of gender, plaintiff has met the first element of the test because she is female and, therefore, a member of a protected class. Plaintiff has met the second element of the test based on her complaints about the behavior of coworkers. Plaintiff has also met the third element of the test that states she suffered an adverse employment action. Plaintiff was terminated from her employment.

Therefore, for purposes of establishing the elements of the plaintiff's prima facie case for her sexual harassment claim, this court will assume the plaintiff has established the first four elements. The fifth element states that the employer knew or should have known of the harassment and failed to take remedial action. However, the plaintiff is unable to establish this claim since her employer, Lowe's, took prompt remedial action as a result of each incident of alleged sexual harassment. First, the defendant has a sexual harassment policy which had been given to the plaintiff. Exs. 3 and 4, Walker Dep. 24:11-25:13; 209:7-9; 20:12-22; 209:11-15. In each of the two or three incidents where plaintiff alleged sexual harassment, the defendant immediately investigated and took action against the alleged perpetrators. Plaintiff admits that such action was taken that additional harassment did not occur. Based on the defendant's prompt remedial action of each incident reported by the plaintiff, the plaintiff is unable to establish the fifth element of her prima facie case. However, even if plaintiff had established the prima facie case for sexual harassment, the same burden-shifting occurs wherein the employer must articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas,* 411 U.S. at 802. The defendant has met its burden in this case by showing that the plaintiff became terminated as a result of coworker and customer complaints. The defendant has a

legitimate, nondiscriminatory reason for terminating the plaintiff as a result of her behavior during her term of employment. Based on the facts as previously set forth herein, the court finds the defendant has articulated nondiscriminatory reasons for the discharge. *See* Exs. 9, 10, 12, 14, 15, 17 and 31.

The plaintiff must then show the reason was a pretext for discrimination. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). The plaintiff has offered no evidence of a pretext for discrimination. She says others were treated differently, but she offers no evidence in this regard. The defendant has submitted evidence that plaintiff's termination is due to complaints and her overall behavior during the relevant period of her employment with the defendant. Upon considering the facts in the light most favorable to the plaintiff, the court finds the plaintiff has failed to establish the elements of the prima facie case of sexual harassment or gender discrimination. The court further finds that even if the plaintiff established a prima facie case, the defendant offered a legitimate reason for the discharge and the plaintiff failed to offer evidence of pretext which would create a material issue for the trier of fact. Accordingly, the court will grant the defendant's motion for summary judgment on both the claims for sexual discrimination on the basis of gender and sexual harassment.

Likewise, plaintiff has failed to establish a claim of hostile work environment. In order to be actionable, the conduct must have been severe or persuasive enough to create an objectively hostile or abusive work environment. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993). Only actions that are "so severe or persuasive as to alter the conditions of [the plaintiff's] employment and create an abusive working environment" constitute a claim

of hostile work environment. *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 270 (2001) (*per curiam*) (internal quotes omitted).

The work environment must have been "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998). "Conduct that is not severe or persuasive enough to create an objectively hostile or abusive work environment–an environment that a reasonable person would find hostile or abusive–is beyond Title VII's purview." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81 (1998) (internal quotation omitted). In order to determine whether a reasonable person would find the work environment to be hostile or abusive, the court looks to "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift,* 510 U.S. at 23. The three incidents described above would not have been viewed as severe or persuasive by a reasonable person, thereby preventing the plaintiff from satisfying one of the elements of her prima facie case. See *Faragher,* 524 U.S. at 787. As a matter of law, from an objective and subjective standpoint, these incidents are neither severe nor persuasive to alter the terms and conditions of the plaintiff's employment. *See Harris v. Forklift Sys., Inc., supra.* Plaintiff only alleges three claims of discrimination over a very short period of time. As previously discussed in this Memorandum and Order, the defendant acted immediately to address her concerns.

9

B. RETALIATION

Plaintiff alleges that the defendant, Lowe's Home Center, Inc., retaliated against her when she complained of sex discrimination and harassment, in violation of Title VII. Filing No. 1. The defendant has moved for summary judgment on this claim. Filing No. 34. Under Title VII an employer is forbidden from retaliating against employees for opposing alleged sex discrimination. 42 U.S.C. § 2000e-3(a); *Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000). The elements of the prima facie case for retaliation in violation of Title VII are the following: (1) the plaintiff filed a charge of harassment or engaged in other protected activity; (2) the plaintiff's employer subsequently took adverse employment action against the plaintiff; and (3) the adverse action was casually linked to the plaintiff's protected activity. *Manning v. Metropolitan Life Ins. Co., Inc.*, 127 F.3d 686, 692 (8th Cir. 1997), *citing Cram v. Lamson & Sessions, Co.,* 49 F.3d 466, 474 (8th Cir. 1995). In order to establish a claim of retaliation, plaintiff must show that she participated in a protected activity, she suffered adverse employment action, and a causal connection to the activity and the employment action. The same burden-shifting then occurs wherein the employer must articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. The plaintiff must then show the reason was a pretext for discrimination. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). The fact finder is then "left to determine if the [employee] presented evidence capable of proving that the [employer's] proffered reasons for termination were a pretext for illegal retaliation." *Harris v. Secretary U.S. Dep't of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997).

"The retaliation provision of 42 U.S.C. § 2000e-3(a) does not itself contain language requiring a materially adverse employment action in order to state a claim." *Manning,* 127

F.3d at 692. "This requirement is inferred from the basic prohibition of employment discrimination set forth in 42 U.S.C. § 2000e-2(a)(1)-(2)." *Id.* In addition, "although actions short of termination may constitute an adverse employment action within the meaning of the statute, not everything that makes an employee unhappy is an actionable adverse action." *Id., citing Montandon v. Farmland Indus., Inc.*, 166 F.3d 355, 359 (8th Cir. 1997).

In order to establish the prima facie case for retaliation, plaintiff must meet the three elements as previously set forth. Plaintiff has established the first element of the test since plaintiff has filed a charge of harassment. Second, plaintiff's employer did take adverse employment action against the plaintiff since she terminated. However, the plaintiff has offered no evidence that the adverse employment action was casually linked to the plaintiff's protected activity. The defendant terminated the plaintiff as a result of her work behavior and complaints received which were not casually linked to her protected activity. Further, the court has already found that the defendant took prompt, remedial action to correct plaintiff's complaints. Therefore, the plaintiff has failed to meet the element of the prima facie case for retaliation.

Even if the court assumes plaintiff has met her burden of proof on the prima facie elements, the same burden-shifting then occurs wherein the employer must articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. The defendant has a legitimate reason for terminating the plaintiff as a result of her previously mentioned work behavior and complaints received from both coworkers and customers. The plaintiff's behavior during the course of her employment provides a legitimate, nondiscriminatory reason for defendant's termination of the plaintiff. The plaintiff must then show the reason was a pretext for discrimination. *Ledergerber v.*

*Stangler*, 122 F.3d at 1144. Again, plaintiff has offered no additional evidence to show that the reason for her termination was a pretext for discrimination. The plaintiff has failed to prove that a genuine issue of material fact exists in this case. Upon considering the evidence in the light most favorable to the nonmoving party, it appears the plaintiff has not met the prima facie case for retaliation or, in the alternative, has failed to offer evidence of pretext. Consequently, this court shall grant defendant's motion for summary judgment on the retaliation claim.

THEREFORE IT IS ORDERED:

1. The defendant's motion for summary judgment, Filling No. 28, is granted and this case is dismissed.

2. A separate judgment shall be entered.

DATED this 25th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE